831 P.2d 534

**Alice Blang, Claimant,**

v.

**Basic American Foods, Employer,**

**and**

**LIBERTY NORTHWEST INSURANCE CORPORATION, Surety, Defendant–Respondent,**

v.

**AMERICAN MOTORIST INSURANCE COMPANY, Surety, Defendant–Appellant.**

**No. 19137.**

Supreme Court of Idaho,
Boise, February 1992 Term.

April 13, 1992.

Quane, Smith, Howard & Hull, Boise, for defendant-appellant. David J. Lee, argued.

Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered, Boise, for defendant-respondent. Neil D. McFeeley, argued.

REINHARDT, District Judge.

This is an appeal from a decision by the Industrial Commission ordering Liberty Northwest Insurance Corporation (LNIC) and American Motorist Insurance Company (AMIC) to pay workers' compensation benefits to Alice Blang. AMIC appeals its respective allocation of medical costs viz-a-viz the portion allocated to LNIC.

LNIC was Basic American Foods' workers' compensation carrier during the period from August 1, 1976 through November 1, 1988. On November 1, 1988, AMIC began coverage which ceased one year later on November 1, 1989. Thereafter, Lumberman's Mutual Casualty Company has been the workers' compensation carrier for Basic American Foods.

Alice Blang began working as a potato trimmer for Basic American Foods in 1983, and continues to work for Basic American Foods. She first noticed pain and numbness in her wrist in late 1984. Her wrist

problems persisted intermittently through 1990.

The Industrial Commission's Findings of Fact, Conclusions of Law, and Order filed December 20, 1990, does not explicitly find the date when "disablement" occurred as a result of Blang's injury. *See* I.C. § 72–102(17) (prior to January 1, 1990; after that dated codified at I.C. § 72–102(18)(c)). As a result, AMIC and LNIC dispute what they term to be the implicit findings made in the Commission's Order that establish when this statutory prerequisite occurred. The date of this finding is necessary to accurately assess whether the Commission properly allocated workers' compensation benefits between the two sureties and to establish the statutory eligibility of the claimant.

We have previously returned a case to the Industrial Commission to make the necessary statutory findings of when disablement occurred. *See Cawley v. Idaho Nuclear Corp.,* 117 Idaho 34, 784 P.2d 890 (1989). Without this explicit finding the case must be returned to the Industrial Commission, as we decline to become finders of fact. Accordingly, we vacate the Commission's Findings of Fact, Conclusions of Law, and Order and remand the cause for complete findings including the date when disablement occurred within the meaning of the Idaho workers' compensation statutes.

No costs or attorney fees on appeal.

BAKES, C.J., and JOHNSON and McDEVITT, JJ., concur.

BOYLE, J., fully concurred prior to his resignation on March 31, 1992.